THE STATE OF OHIO, APPELLEE, *v.* VERZI, APPELLANT.

(No. 23760—Decided June 6, 1956.)

*Mr. Bernard J. Conway,* for appellee.
*Mr. Fred W. Garmone,* for appellant.

KOVACHY, P. J.   This appeal is on questions of law from a judgment of the Cleveland Municipal Court in a criminal case in which the defendant was charged and convicted of assault. There is no bill of exceptions, so that we must look to the transcript and the papers filed in the case for the errors of which

complaint is made. Pertinent parts of the transcript of journal entries read:

"Affidavit filed, warrant issued and return made. 8-18-55

"August 22 1955 Arraigned and case continued to

"Sept 2 1955 Defendant in court. Hearing had, plead guilty and passed for sentence to 9-28 10-14 10-21 11-2 11-7 11-18

"Dec 30 1955 Defendant in court and he is sentenced to 180 days workhouse imprisonment and to pay a fine of $200 and the costs, and to be imprisoned until said fine and costs are paid or secured to be paid, or he is otherwise discharged according to law—committed under provisions of R C 2947.25; oral motion for new trial overruled, notice of appeal; execution of sentence suspended until (mitt)."

Among the papers filed in the Court of Appeals we find a "Journal Entry" signed by the trial Judge. That document does not bear a stamp signifying that it had been filed with the Clerk of the Cleveland Municipal Court, nor does it appear on the transcript of journal entries filed in this court. It is well settled in this state that a court of record speaks through its journal. *State, ex rel. Industrial Commission, v. Day, Judge,* 136 Ohio St., 477, 26 N. E. (2d), 1014. While the "Journal Entry," under the circumstances, is not before us, the outcome of this appeal, nevertheless, would be the same were we permitted to consider its contents.

The appellant claims that the order of December 30, 1955, "committed under provisions of Revised Code 2947.25," is contrary to law and that the trial court was without power to enter such an order in the cause.

Section 2947.25, Revised Code, known as the "Ascherman Act," empowers a trial court in a criminal case "after conviction and before sentence" to refer for examination persons convicted "to the department of mental hygiene and correction or to a state facility designated by the department, or to a psychopathic clinic approved by the department, or to three psychiatrists."

Under the act, moreover, it is permissive for the court to refer for such examination a person convicted of "any misdemeanor involving a sex offense, or in which abnormal sexual tendencies are displayed, when it has been suggested or appears

to the court that such person is mentally ill, or a mentally deficient offender or a psychopathic offender."

After the examination, the department, clinic or psychiatrists are required to "furnish to the court a report in writing of the finding as to the mental condition of the person at the time of examination, together with such recommendations, suggestions, and opinions as may be helpful to the court * * *." The statute then provides that "such report is a public record and becomes a part of the files in the case but shall not be spread at large upon the journal," and that "a certified copy of such report shall be served upon such person and his attorney of record within three days after the filing thereof with the court." It further provides that "the court shall conduct a hearing thereon * * *" and that "if * * * the court finds that such person is mentally ill as defined in Section 5123.01 of the Revised Code or is a mentally deficient offender or a psychopathic offender as defined in Section 2947.24 of the Revised Code, the court shall enter such finding on the records and shall impose the appropriate sentence for the offense of which the person was convicted. At the same time the court shall enter an order of indefinite commitment of such person to the department, during the continuance of which the execution of sentence shall be suspended."

Appellant maintains that Section 2947.25, Revised Code, was intended to apply to cases involving sex crimes alone and that a person convicted of the crime of assault cannot possibly be amenable to its provisions.

We realize that the act places broad and extensive powers into the hands of a trial court in dealing with mere misdemeanants, and that a person, though guilty only of a minor offense, may find himself facing a long confinement in an institution if he be brought within its purview. But the statute is clear in the matter—it states in unmistakable language that a person convicted of *any* misdemeanor *involving a sex offense,* or in which *abnormal sexual tendencies are displayed,* may, upon an order from the trial court, become subject to its provisions.

A person convicted of an assault that does not involve a sex offense, or in which abnormal sexual tendencies are not displayed cannot be referred for examination pursuant to this

law. However, a person convicted of an assault involving or displaying one or the other of these elements, as the case may be, may, in the discretion of the trial judge, be subjected to the proceedings outlined therein. The court, therefore, as a predicate to its authority to invoke the provisions of Section 2947.25, Revised Code, when a person is convicted of a misdemeanor, must affirmatively find that its commission either involved a sex offense, or displayed abnormal sexual tendencies. Without such determination, the court lacks power to proceed under it.

The journal of a court proceeding under Section 2947.25, Revised Code, upon conviction of a person for a misdemeanor should show the following entries:

1. The conviction of the defendant of a misdemeanor involving a sex offense, or in which abnormal sexual tendencies were displayed;

2. The referral of the defendant to the department of mental hygiene and correction or to a state facility designated by the department, or to a psychopathic clinic approved by the department or to three psychiatrists;

3. The filing of a report with the court by the department, clinic or psychiatrists;

4. The proof of service of a certified copy of the report upon the defendant and his attorney of record within three days of the filing of the report with the court;

5. A hearing;

6. A finding by the court that the person is mentally ill as defined in Section 5123.01 of the Revised Code, or is a mentally deficient offender or a psychopathic offender as defined in Section 2947.24 of the Revised Code;

7. The imposition of an appropriate sentence for the offense of which the person was convicted;

8. The indefinite commitment of the person to the department;

9. The suspension of sentence during continuance of commitment to the department.

The record is silent as to these essential requirements, except for the imposition of and the suspension of sentence. The judgment, accordingly, is reversed, and the cause is remanded to the Cleveland Municipal Court with instructions to vacate

the judgment entered on December 30, 1955, and for further proceedings not inconsistent with this opinion:

*Judgment reversed and cause remanded.*

SKEEL and HURD, JJ., concur.