624 F.2d 935
 Peter L. HERNANDEZ, Plaintiff-Appellant,
v.
CITY OF LOS ANGELES; Edward M. Davis, Chief of Police of the
City of Los Angeles; Officer Thomas Bradford;
Officer Robert Pixler; and Officer
Gregory Schwien, Defendants-Appellees.
 No. 77-1458.
 United States Court of Appeals,
Ninth Circuit.
 Submitted Dec. 6, 1979.
Decided Aug. 6, 1980.
 
 Adolph B. Busto, Los Angeles, Cal., for plaintiff-appellant.
 Burt Pines, City Atty., Los Angeles, Cal., for defendants-appellees.
 Appeal from the United States District Court for the Central District of California.
 Before GOODWIN, HUG and FLETCHER, Circuit Judges.
 FLETCHER, Circuit Judge:
 
 
 1
 Hernandez appeals from a grant of summary judgment for defendants in his 42 U.S.C. § 1983 action against the City of Los Angeles, its chief of police, and three named police officers, invoking this court's jurisdiction under 28 U.S.C. § 1291 (1976). We reverse and remand.
 
 
 2
 Hernandez's complaint alleged that police officers used excessive force in the course of arresting him, thus violating his civil rights. The defendants moved for summary judgment, contending that the issue of the officers' use of excessive force had been determined adversely to Hernandez in a prior state court criminal proceeding that arose out of the same factual context. In the prior proceeding, Hernandez was tried in a California municipal court on charges of violating California Penal Code sections 148 (resisting arrest) and 242 (battery on a police officer) and California Business and Professions Code section 25602 (sales to habitual drunkards). A jury found Hernandez guilty only on the resisting arrest charge. The officers contend in this proceeding that the verdict necessarily incorporated a determination that the police used only reasonable force in effecting the arrest. The district court agreed and ruled that collateral estoppel precluded Hernandez from relitigating the question of the existence of excessive force.[1] Hernandez contends on appeal that a genuine issue of material fact remains regarding the use of excessive force by the police.[2] We agree.
 
 
 3
 In order to affirm a grant of summary judgment, a reviewing court must be satisfied that no genuine issues of material fact remain and that the moving party is entitled to judgment as a matter of law. The nonmoving party is entitled to have all evidence considered in a light most favorable to him. Ruffin v. County of Los Angeles, 607 F.2d 1276, 1279-80 (9th Cir. 1979), cert. denied, --- U.S. ---, 100 S.Ct. 1600, 63 L.Ed.2d 786 (1980); Fed.R.Civ.P. 56(c). It is clear that absent the application of the doctrine of collateral estoppel, Hernandez's claim raises a material question of fact regarding whether the arresting officers used excessive force. Thus the issue before us is whether the doctrine was correctly applied.
 
 
 4
 A court properly applies collateral estoppel to bar a party from relitigating an issue actually and necessarily decided in a prior proceeding based on the same or a different cause of action.[3] Montana v. United States, 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979). The burden of pleading and proving the identity of issues rests on the party asserting the estoppel. Haung Tang v. Aetna Life Insurance Co., 523 F.2d 811, 813 (9th Cir. 1975). To sustain this burden a party must introduce a record sufficient to reveal the controlling facts and pinpoint the exact issues litigated in the prior action. United States v. Lasky, 600 F.2d 765, 769 (9th Cir. 1979).
 
 
 5
 The police officers point out that the jury convicted Hernandez despite being instructed that they should find Hernandez not guilty if the officers used unreasonable or excessive force in making the arrest and if Hernandez used only reasonable force to protect himself. The officers infer from the jury's apparent rejection of the defense of self-defense that the jury found that the officers did not use excessive force.
 
 
 6
 The jury's rejection of the self-defense theory does not mean that the jury necessarily made any finding about the conduct of the officers. The jury could have found either that the self-defense instruction was irrelevant to the resisting arrest charge[4] or that both Hernandez and the police officers used excessive force. Compare People v. Hood, 1 Cal.3d 444, 450-51, 462 P.2d 370, 373, 82 Cal.Rptr. 618, 621 (1969), with People v. Kelley, 3 Cal.App.3d 146, 152-53, 83 Cal.Rptr. 287, 290-91 (2d Dist. 1969). If the rejection of the defense rested on either of these theories, Hernandez would not be collaterally estopped from litigating the issue of excessive force in the present action. The officers have not resolved this ambiguity and thus have not carried their burden of showing that the conviction necessarily involved a determination that they did not use excessive force.
 
 
 7
 Nor can any firm conclusions about the manner of arrest be drawn from the mere fact of conviction. Although a conviction for violation of section 148 is conclusive on the issue of the lawfulness of the arrest, People v. Curtis, 70 Cal.2d 347, 450 P.2d 33, 74 Cal.Rptr. 713 (1969), a technically lawful arrest can be accomplished by the use of excessive force. Id. See also Williams v. Liberty, 461 F.2d 325, 327 (7th Cir. 1972) (guilty verdict on charge of resisting arrest not conclusive as to plaintiff's claim of excessive force used by police officers).
 
 
 8
 Because we find that the record does not reveal whether the issue of the use of excessive force by the police was settled in the state criminal proceeding, the order to the district court granting summary judgment to defendants is REVERSED, and the case is REMANDED for trial.
 
 
 
 [1]
 The court also ruled that the doctrine of res judicata barred Hernandez's action. Res judicata applies only when a claim is based on the same cause of action which was previously litigated. Cromwell v. County of Sac, 94 U.S. 351, 352, 24 L.Ed. 195 (1876). The distinction between a criminal prosecution for resisting arrest and a civil rights action claiming use of excessive force renders res judicata inapplicable in this case
 
 
 [2]
 Hernandez's complaint contained a second cause of action wherein he alleged that he had been wrongfully arrested, detained, and imprisoned. This count was also dismissed by the district court on defendants' motion for summary judgment. Hernandez's brief does not discuss this portion of the district court's ruling. Because he did not raise the issue in his brief, Hernandez has not perfected his appeal as to that part of the judgment. Fed.R.App.P. 28(a)(2); 9 Moore's Federal Practice P 228.02 (2. 1) (1980)
 
 
 [3]
 We add a cautionary note, however. This court has recently decried the dilemma that would be created for a criminal defendant in state court if he were forced by application of the doctrine of collateral estoppel to choose between raising his constitutional defense and bringing a federal civil rights action. In Johnson v. Mateer, 625 F.2d 240, (9th Cir. 1980), we refused to invoke collateral estoppel to foreclose a section 1983 plaintiff from raising a fourth amendment claim which he had previously asserted in a suppression hearing in his defense against criminal charges in state court. The application of collateral estoppel in the civil rights action would have deprived Johnson of his only access to a federal forum, as he was barred from raising his constitutional claim in a federal habeas corpus proceeding because a fourth amendment claim is not cognizable as a basis for federal habeas relief, where the state has provided an opportunity for full and fair litigation of the claim. See Stone v. Powell, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976)
 The instant case is unlike Mateer in that Hernandez had no such impediment to raising his claim in a federal habeas corpus proceeding. However, we still do not reach here the broader issue of whether collateral estoppel should ever be invoked in a section 1983 action as to a plaintiff's civil rights claims originally raised in a state criminal prosecution, as we do not find the requisite identity of issues in Hernandez's prosecution and in the instant case.
 
 
 [4]
 The California Supreme Court has interpreted Penal Code section 148 as penalizing not only forceful resistance to arrest but also passive obstruction, such as refusal to cooperate with arresting officers. People v. Curtis, 70 Cal.2d 347, 356 n. 6, 450 P.2d 33, 38 n. 6, 74 Cal.Rptr. 713, 718 n. 6 (1969). For all this record shows, the jury could have found that Hernandez passively resisted arrest. If such were the case, the self defense instruction would not have been considered by the jury