**Ted S. MINK, Plaintiff,**

v.

**Albert A. WEGLAGE, et al., Defendants.**

**No. C–3–83–480.**

United States District Court, S.D. Ohio, W.D.

March 28, 1985.

**94**

Eddie Lawson, Jr., Springboro, Ohio, John K. Issenmann, Cincinnati, Ohio, for plaintiff.

William L. Havemann, Dayton, Ohio, for defendant A. Weglage.

Robert P. Bartlett, Jr., Thomas H. Pyper, Dayton, Ohio, for defendants Steadman, Judy, Askins, Brad Childress, Rhoades, Arnold, City of Germantown and James Desch.

DECISION AND ENTRY SUSTAINING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT; MOTION TO COMPEL DISCOVERY (DOC. # 20) DEEMED MOOT; TERMINATION ENTRY

RICE, District Judge.

## I. FACTS

Plaintiff Mink was arrested in Germantown by Defendant Weglage on June 19, 1982, and charged with obstruction of official business, assault and resisting arrest. Plaintiff was convicted of resisting arrest by a Miamisburg Municipal Court jury. His conviction was upheld by both the Montgomery County Court of Appeals and the Ohio Supreme Court.

Plaintiff filed the instant action under 42 U.S.C. § 1983, as well as under the First, Fourth, Fifth, Eighth and Fourteenth Amendments, on May 31, 1983. (Doc. # 1).

In Counts I, II and III, Plaintiff charges Defendant Weglage with assault, false imprisonment and malicious prosecution in connection with his aforementioned arrest. In Counts IV, V and VI, Defendants City of Germantown, its police chief and city council members are charged with the negligent hiring, training and supervision of Defendant Weglage. All Defendants have moved for summary judgment in this matter. (Docs. # 16, 17).

## II. LEGAL ANALYSIS

A. *Defendants' Motions for Summary Judgment With Respect to Counts I, II and III.*

The primary issue raised by Defendants is whether Plaintiff Mink is collaterally estopped from re-litigating the issue of Defendant Weglage's use of excessive force by virtue of his conviction for resisting arrest in his earlier state criminal proceeding. In *Allen v. McCurry,* 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980), a claimant sought damages from police officers, under 42 U.S.C. § 1983, arising out of a search and seizure. The plaintiff had unsuccessfully challenged the same conduct, by means of a motion to suppress, in the course of his state court criminal conviction. The adverse state court decision was held to preclude the relitigation of the matter in the subsequent Section 1983 suit, given that Plaintiff already had had a full and fair opportunity to litigate the search and seizure in question. 449 U.S. at 97–98, 101 S.Ct. at 416.

■ The Supreme Court made it clear in *Allen* that issues actually litigated in a state court proceeding are entitled to the same preclusive effect in a subsequent Section 1983 action as they would receive in the courts of the state where the judgment was rendered. Under Ohio law, collateral estoppel precludes relitigation in a second action of an issue which has been actually and necessarily litigated and determined in a prior action by the parties, or their privies in the first action. *Goodson v. McDonough Power Equipment Inc.,* 2 Ohio St.3d

193, 443 N.E.2d 978 (1983). Defendants herein may be considered the privies of the City of Germantown, which was a party involved in Plaintiff's prior criminal proceeding, and thus are entitled to invoke preclusion against Plaintiff in the instant action. *Trautwein v. Sorgenfrei*, 58 Ohio St.2d 493, 391 N.E.2d 326 (1979).

■ The Court finds the *Allen* decision to control the case herein. The trial judge in Mink's criminal proceeding gave the following instruction to the jury as to the offense of resisting arrest:

In the absence of excessive or unnecessary force by an arresting officer, a private citizen may not use force to resist arrest by one he knows, or has good reason to believe, is an authorized Police Officer engaged in the performance of his duties, whether or not the arrest is illegal under the circumstances.... If you find that the defendant's arrest was without a reasonable basis, you may not find him guilty of the charge of resisting arrest.

(Doc. # 19, Exh. A at 205, 210). In convicting Plaintiff of the resisting arrest charge, the jury appears necessarily to have concluded that defendant's arrest had a reasonable basis, and that Defendant Weglage did not use excessive or unnecessary force in effectuating the arrest. In disposing of Plaintiff's appeal from the trial court's denial of post-trial relief, the Montgomery County Court of Appeals took the position that the reasonableness of the force used by arresting officer Weglage had been resolved against Plaintiff (the defendant in the criminal case) by the jury. The appellate court also observed that the jury had found adequate evidence as to the existence of the elements of a lawful arrest based upon probable cause, even though the assault charge against Plaintiff was not sustained by the jury on the merits. (Doc. # 16, Exh. A at 3–4).

The Court is not persuaded by Plaintiff's attempt herein to distinguish the *Allen* doctrine or at least to mitigate the impact of that ruling upon the allegations contained in his Complaint. The specificity of the jury instruction in Plaintiff's criminal trial as to excessive force in the context of a charge of resisting arrest undermines Plaintiff's attempt to rely on *Hernandez v. City of Los Angeles*, 624 F.2d 935 (9th Cir.1980). In *Hernandez*, collateral estoppel on the issue of excessive force was found inapplicable to a Section 1983 action brought by plaintiff subsequent to his conviction for resisting arrest. In that case, however, the jury instruction which defined the offense of resisting arrest was found to be ambiguous due to its reference to the reasonableness of the force used by both the arresting officer and the suspect. The *Hernandez* court was also concerned about the impact of an additional instruction as to self-defense upon the jury's resolution of the issue of excessive force. No such ambiguities can be said to characterize the jury instructions or the state court proceedings which involved Plaintiff herein; indeed, no jury instruction as to self-defense was even given in Plaintiff's trial for resisting arrest. (Doc. # 19, Exh. A).

Finally, Plaintiff attempts to save Count I of his Complaint, which charges Defendant Weglage with assault, by claiming that said Count involves an independent assault action for an assault which occurred *after* Defendant's use of excessive force in effectuating the arrest. Under this theory, Count I would survive despite the collateral estoppel effect of Plaintiff's conviction for resisting arrest. Rule 56(e) of the Federal Rules of Civil Procedure, however, requires more than mere allegations or denials from a party adverse to the parties moving for summary judgment. The Court finds no support in Plaintiff's Complaint, or elsewhere, for the isolation of an independent assault action, and finds Plaintiff's argument not to be well taken.

In sum, the Court finds that the issues of excessive force and probable cause to arrest were actually litigated in Plaintiff's prior criminal proceedings, and that these issues were resolved against Plaintiff both at trial and on appeal. As a result, Plaintiff must be collaterally estopped from pursuing those Counts in his Complaint which

by necessity would require re-litigation of these same issues. Accordingly, Defendants' Motions for Summary Judgment are sustained with respect to Counts I, II and III of Plaintiff's Complaint.

B. *Defendants' Motions for Summary Judgment with Respect to Counts IV, V and VI.*

■ The Court's conclusion *supra,* that Plaintiff must be collaterally estopped in the instant action from relitigating the issue of excessive force and probable cause also undermines the remaining Counts of Plaintiff's Complaint, which allege negligence on the part of the City of Germantown, its city council members and police chief in the hiring, training and supervision of Defendant Weglage. As the jury which convicted Plaintiff necessarily determined that Defendant did not use excessive or unnecessary force in arresting Plaintiff, none of the other Defendants' alleged involvement with Weglage's conduct or training, even if deemed to be true, can be deemed to have proximately caused the injuries claimed by Plaintiff.

Defendants' Motions for Summary Judgment, insofar as they pertain to Counts IV, V and VI of Plaintiff's Complaint, are, therefore, also sustained, meaning that Plaintiff is wholly precluded from pursuing the instant action under the doctrine of collateral estoppel. Judgment is to be entered for Defendants. Plaintiff's Motion to Compel (Doc. # 20) is rendered moot by the above decision and, therefore, same will not be ruled upon.

The above captioned cause is hereby ordered terminated from the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.