Beatrice DEVAN, next of kin of John Monroe Branch, deceased, and as the Administratrix of the Estate of John Monroe Branch, and Beatrice Devan, Individually, Appellant,

v.

CITY OF DES MOINES, IOWA; James Harkin, Individually and in his official capacity as an employee of the City of Des Moines, Iowa, and Billy Wallace, Individually and in his official capacity as an employee of the City of Des Moines, Iowa, Appellees.

No. 84–2036.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 15, 1985.

Decided July 2, 1985.

Alfredo G. Parrish, Des Moines, Iowa, for appellant.

Terrence A. Hopkins, Des Moines, Iowa, for appellees.

Before LAY, Chief Judge, and HEANEY and FAGG, Circuit Judges.

PER CURIAM.

Beatrice Devan appeals from the district court's grant of summary judgment in favor of the City of Des Moines, James Harkin, and Billy Wallace, Chief of the City Police Department. For reversal, Devan contends that the district court committed error in ruling that she was barred under principles of issue and claim preclusion from bringing this 42 U.S.C. § 1981 action. We affirm.

## Facts

On August 14, 1982, John Monroe Branch was shot and killed by Des Moines Police Officer James Harkin. Branch's mother, Beatrice Devan, filed suit against the City of Des Moines in Iowa state court claiming that Officer Harkin's use of deadly force was unjustifiable and excessive under the circumstances, and that Harkin acted with gross negligence and reckless disregard for the life of her son.

At trial, the City of Des Moines admitted that Officer Harkin used deadly force and took the life of Branch. It contended, however, that Harkin was acting in self-defense and that his use of deadly force was necessary to protect himself from the attack of Branch. The sole issue presented to the jury was whether Harkin's use of deadly force was justified. The court instructed the jury that the City had the burden of proving justification and instructed as to the circumstances under which the use of reasonable force, including deadly force, could justifiably be used to avoid injury or risk to one's life or safety. The jury determined by special interrogatory that Harkin was acting with justification at the time he killed Branch, and thus a verdict was entered in favor of the City of Des Moines.

Approximately four months after filing her state court action, Devan, as next of kin and administrator of the estate of John Monroe Branch, filed this action in the district court against the City of Des Moines, Officer Harkin, and Chief Wallace. Devan's primary contention is that Officer Harkin's use of deadly force against Branch was excessive and operated to deprive Branch of his civil rights in violation of 42 U.S.C. § 1981.

Prior to trial on Devan's federal action, her state court action was decided in favor of the City of Des Moines. The defendants then filed a motion for summary judgment with the district court claiming that Devan is precluded from litigating the claims and issues raised in her federal action because of the prior action concluded in state court. The district court agreed that Devan was precluded from proceeding forward on her federal action under principles of issue and claim preclusion and entered summary judgment in favor of the defendants.

We agree that Devan is barred under issue preclusion principles from proceeding forward on her section 1981 claim. Consequently, we do not reach the question of whether Devan's federal action was also properly dismissed under principles of claim preclusion.

## Discussion

"A court properly applies collateral estoppel to bar a party from relitigating an issue actually and necessarily decided in a prior proceeding based on the same or a different cause of action." *Hernandez v. City of Los Angeles*, 624 F.2d 935, 937 (9th Cir.1980) (citing *Montana v. United States*, 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979)). In a federal civil rights action involving an issue of collateral estoppel, a federal court gives the same preclusive effect to a prior state court decision as would the courts of the state in which the prior judgment was entered. *See Allen v. McCurry*, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980); *Smith v. Updegraff*, 744 F.2d 1354, 1362 (8th Cir. 1984). *Cf. Migra v. Warren City School District Board of Education*, 465 U.S. 75, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984). Accordingly, we look to the law of Iowa to determine the preclusive effect in this action of Devan's state court action.

After reviewing Iowa's law on issue preclusion, *Smith*, 744 F.2d at 1362 (discussing Iowa law); *Bryan v. Hall*, 367 N.W.2d 251 (Iowa Ct.App.1985); *Jorge Construction Co. v. Weigel Excavating and Grading Co.*, 343 N.W.2d 439, 444 (Iowa 1984); *Aid Insurance Co. (Mutual) v. Chrest*, 336 N.W.2d 437 (Iowa 1983); *Hunter v. City of Des Moines*, 300 N.W.2d 121 (Iowa 1981), we conclude that the district court's grant of summary judgment in favor of the defendants was proper. Devan raises numerous contentions in her federal action to support her section 1981 claim that the defendants violated Branch's

civil rights. To prevail on her section 1981 claim, however, Devan must prove that Officer Harkin's use of deadly force against Branch was motivated by a racially discriminatory purpose. *See General Building Contractors Association v. Pennsylvania,* 458 U.S. 375, 102 S.Ct. 3141, 73 L.Ed.2d 835 (1982). Because the state court jury undisputably determined that Officer Harkin reasonably believed that deadly force was necessary to protect himself from the attack of Branch, Devan cannot possibly prevail on her federal claim. She is thus precluded under Iowa issue preclusion principles from litigating this action in federal court.

The district court's grant of summary judgment is affirmed.