103 F.3d 140
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Steven A. SHIRLEY; Peggy A. Shirley, Plaintiffs-Appellants,
v.
CITY OF WHITEFISH, MONTANA; Lonnie Herrmann; William
Labrie, Defendants-Appellees.
 No. 95-35398.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 10, 1996.
Decided Dec. 6, 1996.
 
 Before: LAY,* FERGUSON, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Plaintiff Steven A. Shirley ("Shirley") appeals from the district court's grant of summary judgment in favor of Assistant Police Chief Lonnie Herrmann ("Herrmann") and Police Chief William LaBrie ("LaBrie"). Shirley also appeals from the district court's judgment on the pleadings in favor of the City of Whitefish, Montana (the "City"), and the magistrate judge's denial of leave to file a second amended complaint. Peggy A. Shirley ("Mrs. Shirley"), appeals from the district court's dismissal of her supplemental claim. We affirm in part and reverse in part.
 
 
 3
 Shirley challenges the: 1) district court's grant of summary judgment on qualified immunity in favor of Herrmann on the alleged use of excessive force in the course of a lawful arrest; 2) the district court's grant of summary judgment on qualified immunity in favor of Herrmann on the allegation that Herrmann unlawfully booked and held Shirley on the false charge of resisting arrest; 3) the district court's grant of summary judgment on qualified immunity in favor of LaBrie on Shirley's allegations that LaBrie failed to supervise and control Herrmann and that LaBrie was involved in an unlawful holding of Shirley on the charge of resisting arrest; 4) the magistrate judge's order denying leave to file a second amended complaint; and 5) judgment on the pleadings in favor of the City based on Herrmann's and LaBrie's qualified immunity.
 
 
 4
 1. The district court concluded that Shirley failed to show that the law concerning "excessive force" was clearly established for purposes of defeating Herrmann's defense of qualified immunity, and, that even if it had been, Herrmann's actions were reasonable construing the evidence in favor of Shirley.
 
 
 5
 We disagree. The Fourth Amendment right to be free from an unreasonable seizure resulting from the use of excessive force in the course of a lawful arrest was clearly established on October 13, 1993, the date of the events involved in this appeal. Hernandez v. City of Los Angeles, 624 F.2d 935, 938 (9th Cir.1980).
 
 
 6
 As we have stated: "[a]n officer is not entitled to qualified immunity on the grounds that the law is not clearly established every time a novel method is used to inflict injury." Mendoza v. Block, 27 F.3d 1357, 1362 (9th Cir.1996). "For a right to be clearly established it is not necessary that the very action in question have previously been held unlawful. To define the law in question too narrowly would be to allow defendant 'to define away all potential claims.' " Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir.1996) (citations omitted).
 
 
 7
 Summary judgment on the basis of qualified immunity cannot be granted in favor of Herrmann because issues of fact exist regarding the actions of Herrmann and Shirley which bear upon the reasonableness of Herrmann's conduct. See Act Up!/Portland v. Bagley, 988 F.2d 868, 873 (9th Cir.1993); Fed.R.Civ.P. 56(e). It is impossible to determine as a matter of law whether Herrmann's use of force during the arrest was reasonable given Shirley's presentation of evidence that (1) he was not resisting the orders of the officers to put his hands on the wall, place his head on the wall, and step back; (2) Herrmann slammed Shirley's head into the wall; (3) Shirley was handcuffed prior to being thrown to the ground by Herrmann; and that (4) Herrmann hit Shirley in the face after being thrown to the ground. (See, e.g., Denham Deposition 5-60, 135-144, CR 102 App. 3; Shirley Deposition Exh. A, CR 102 App. 2.) On the evidence presented by Shirley, a reasonable factfinder could find that Herrmann used excessive force.
 
 
 8
 2. The district court also granted summary judgment based on qualified immunity to Herrmann on Shirley's allegation that Herrmann violated the Fourth Amendment by directing that Shirley be booked and held in custody for resisting arrest as well as on the charge of domestic abuse. The district court, in effect, concluded that the right not to be held in custody without probable cause was not a clearly established federal right, or in the alternative, that Herrmann as a matter of law could reasonably have believed that Shirley was resisting arrest.
 
 
 9
 We disagree. It is well established that an officer violates a person's constitutional rights when he arrests a person without probable cause. Pierce v. Multnomah County, Or., 76 F.3d 1032, 1041 (9th Cir.1996); Allen v. City of Portland, 73 F.3d 232, 236 (9th Cir.1996). The evidence offered by Shirley concerning the sequence of events during the arrest raises a genuine issue as to whether Herrmann reasonably could have believed that probable cause existed for booking and holding Shirley for resisting arrest. The district court erred by granting summary judgment in favor of Herrmann on this allegation.
 
 
 10
 3. Shirley's allegations against LaBrie are predicated on LaBrie's alleged failure to supervise and control Herrmann leading to the use of excessive force, and on LaBrie's involvement in the booking and holding of Shirley in custody on the false charge of resisting arrest.
 
 
 11
 Shirley failed to raise any issue of fact with respect to whether LaBrie had notice of Herrmann's alleged pattern of use of excessive force. Fed.R.Civ.P. 56(e). The district court did not err by granting summary judgment in favor of LaBrie on the allegation that he failed to control or supervise Herrmann. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1985); Ortez v. Washington County, State of Or., 88 F.3d 904, 809 (9th Cir.1996).
 
 
 12
 Shirley, however, correctly asserted a clearly established Fourth Amendment right not to be held in custody on a charge of resisting arrest without probable cause. For the same reason, the district court erred in granting LaBrie summary judgment based on the defense of qualified immunity on this allegation. A genuine issue exists as to whether LaBrie participated in an unlawful holding of Shirley in custody. Officer Denham told LaBrie that the police report falsely indicated that Shirley had been handcuffed after being thrown to the ground. Yet, LaBrie directed Denham not to change the allegedly false police report and took no other action. (Denham Deposition, 146-152).
 
 
 13
 4. Shirley contends that the magistrate judge erred by denying him leave to file a second amended complaint. Shirley, however, failed to present a distinct objection to the magistrate judge's order, but merely inserted a passing reference to it in his objections to the magistrate judge's separately issued Findings and Recommendations. The Findings and Recommendations made no reference to the motion to file an amended complaint. Instead, the motion was disposed of by separate order. By failing to bring to the attention of the district court his objection to the separately issued non-dispositive order, as required by Fed.R.Civ.P. 72(a),[1] Shirley waived the issue of whether the magistrate judge erred in denying leave to amend. See Simpson v. Lear Astronics Corp., 77 F.3d 1170, 1173 (9th Cir.1996).
 
 
 14
 5. The City did not move for summary judgment but instead moved for judgment on the pleadings under Fed.R.Civ.P. 12(c) because of the qualified immunity of Herrmann and LaBrie. The court granted the motion.
 
 
 15
 We reverse. Shirley stated a § 1983 claim against Herrmann, LaBrie, and the City in his first amended complaint. Because we are reversing the grant of summary judgment in favor of Herrmann and LaBrie, the district court erred in its Rule 12(c) holding with respect to Shirley's § 1983 claim against the City.
 
 
 16
 The district court did not err in declining supplemental jurisdiction over Mrs. Shirley's state claim for emotional distress and loss of consortium. Mrs. Shirley is not a party to Shirley's federal claim and has no federal claim of her own. Instead she seeks to be a party-plaintiff by asserting only a state claim. Her claim is not part of the same case or controversy required for the exercise of supplemental jurisdiction. 28 U.S.C. § 1367(a).
 
 
 17
 Finally, Shirley requests attorneys' fees on the basis of legal work required to correct the magistrate judge's alleged error in denying leave to file the second amended complaint. Because Shirley has not prevailed on this issue, we deny the request for attorney's fees under 42 U.S.C. § 1988.
 
 
 18
 AFFIRMED in part, REVERSED in part, and REMANDED for proceedings consistent with this disposition. Each party to bear its own costs on appeal.
 
 
 
 *
 The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The relevant portion of Rule 72(a) provides:
 A magistrate judge to whom a pretrial matter not dispositive of a claim ... is referred to hear and determine shall promptly conduct such proceedings as are required and when appropriate enter into the record a written order setting forth the disposition of the matter. Within 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made.