NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 15 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DARREN HILL, | No. 20-35302 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-00320-DCN |
| v. | |
| COUNTY OF BENEWAH, et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Idaho
David C. Nye, Chief District Judge, Presiding

Submitted April 12, 2021**
Seattle, Washington

Before: HAWKINS, CALLAHAN, Circuit Judges, FITZWATER, District
Judge.***

Plaintiff Darren Hill ("Hill") appeals from the district court's order granting

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Sidney A. Fitzwater, United States District Judge for
the U.S. District Court for the Northern District of Texas, sitting by designation.

Defendants' motion for summary judgment.[1]  We have jurisdiction under 28

U.S.C. § 1291 and affirm.  We review the district court's grant of summary

judgment de novo.  *Furnace v. Sullivan*, 705 F.3d 1021, 1026 (9th Cir. 2013).

1.  Hill argues that there is a genuine dispute of material fact precluding

the grant of summary judgment.  Specifically, he contends that defendant Rodney

Bryan Dickenson II ("Dickenson")'s later deposition testimony that he intended to

search only Hill's trailer which was at 2313 Ora Avenue is inconsistent with his

prior testimony that Hill lived at 2317 Ora Avenue, when speaking to the judge in

seeking the warrant.[2]  Hill's argument is unavailing.  The district court

acknowledged that Dickenson "incorrectly described the trailer as being located at

2317 Ora [Avenue]" in his testimony to the judge and "assume[d], for purposes of

summary judgment, that the address for Hill's trailer [was] 2313 Ora [and that t]he

search warrant also inaccurately implied Hill's residence was gray."  The district

court explained, "the technical failure of the warrant to designate '2313' as the

search target [was] not grounds for finding a Fourth Amendment violation.

Whatever the warrant lacked in accuracy as to the street address and color of the

---

[1]  Because the parties are familiar with the facts, we restate only those necessary to explain our decision.

[2]  Hill's brief discusses only his illegal search claim.  Thus, all other claims may be deemed waived.  *See Hernandez v. City of Los Angeles*, 624 F.2d 935, 937 n. 2 (9th Cir. 1980).

2

property to be searched, it accurately and with particularity targeted Darren Hill's trailer." Indeed, the warrant explicitly authorized a search of any trailers at 2317 Ora Avenue, and it is undisputed that Hill's trailer was on that property. Thus, Hill fails to raise a triable illegal search claim.

2. The district court also correctly observed that "numerous courts throughout the country have held that search warrants with material inaccuracies do not violate the Fourth Amendment where, as here, the place to be searched is still described with sufficient particularity." *See, e.g.*, *United States v. Turner*, 770 F.2d 1508, 1510–11 (9th Cir. 1985) (finding warrant sufficiently described the house to be searched even though the house number was wrong); *United States v. Garza*, 980 F.2d 546, 552 (9th Cir. 1992) (finding warrant valid because of "accurate physical description of the location to be searched" even though the street number was one digit off). Thus, because Defendants did not violate clearly established law, they are also entitled to qualified immunity.

**AFFIRMED**.