CONTRERAS, Appellant,

v.

SIMONE, Appellee.

[Cite as *Contreras v. Simone* (1996), 112 Ohio App.3d 246.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 69663.

Decided July 1, 1996.

---

*Roy M. Kaufman,* for appellant.

*Sharon Sobol Jordan,* Cleveland Law Director, and *Ronald Mingus,* Assistant Law Director, for appellee.

DYKE, Judge.

Appellant appeals from the trial court's ruling which granted appellee's motion for summary judgment. Appellant filed his complaint against appellee, alleging excessive use of force under Section 1983, Title 42, U.S.Code. The suit stems from appellant's arrest in October 1993. He was charged with resisting arrest, assault on an officer, and permitting an unlicensed driver to operate a vehicle. After a jury trial, appellant was acquitted of the assault charge but found guilty of the other two offenses.

Appellant filed a timely notice of appeal from the trial court's decision to grant appellee's motion for summary judgment. Appellant asserts two assignments of error:

I

"The trial court erred when it granted appellee's motion for summary judgment."

II

"The trial court erred in granting appellee's motion for summary judgment under the doctrine of collateral estoppel."

■ Because appellant argued both of these assignments of error together in his appellate brief, we will review both assignments together. Appellant argues that because the jury in his criminal trial did not find appellant guilty of assault, the jury necessarily had to find that appellee used excessive force. Appellant's argument is without merit.

Although appellant was acquitted of assault, the jury found appellant guilty of resisting arrest. The trial court gave instructions to the jury as follows:

"If you believe the force that was used was unnecessary or excessive against the defendant in processing the arrest, the defendant has a right to resist that unnecessary or excessive force."

The jury necessarily determined in appellant's criminal trial that excessive force was not used by appellee in arresting appellant. If the issue of excessive force had been resolved in appellant's favor by the jury, he would have received an acquittal on the charge of resisting arrest. Appellant had a full and fair opportunity to litigate this issue in the criminal trial. Appellee's motion for summary judgment persuasively asserted the theory of collateral estoppel as a defense against appellant's civil claim of excessive use of force.

■ Under Ohio law the doctrine of collateral estoppel bars any relitigation of an issue which has previously been litigated and determined in a prior action by the same parties, or their privies. *Goodson v. McDonough Power Equip., Inc.* (1983), 2 Ohio St.3d 193, 2 OBR 732, 443 N.E.2d 978. Several recent federal cases have interpreted Ohio's law of collateral estoppel as it applies to the factual and procedural situation of the case at hand. In *Mink v. Weglage* (S.D.Ohio 1985), 614 F.Supp. 93, defendants' motion for summary judgment was granted as to a civil rights action brought by a plaintiff who had been convicted of resisting arrest and assault in a prior criminal trial. The issue of the excessive use of force was fully litigated and determined in the criminal trial. The federal trial court determined that collateral estoppel precluded the plaintiff's relitigation of issues of excess force and probable cause in the civil case.

Citing *Mink v. Weglage,* a federal district court determined that issues which were necessarily resolved in the plaintiff's criminal trial could not be relitigated in the subsequent civil rights claims against the arresting officer and the city of Cleveland:

"As for plaintiff's allegations concerning his March 6, 1992 arrest, he is collaterally estopped from relitigating these issues. A plaintiff cannot relitigate issues in a subsequent [Section] 1983 action that were litigated in a state court criminal proceeding." *Jones v. Cleveland* (Feb. 9, 1994), N.D. Ohio No. 1:93CV1057, unreported, at 5.

We follow the reasoning of these federal cases interpreting long-standing Ohio law on the doctrine of collateral estoppel as it applies to the facts of this case. Appellant had the opportunity to fully and fairly litigate the issue of excess force in the criminal trial. Collateral estoppel prohibits him from relitigating the issue in the civil rights case he has initiated against the arresting officer.

Appellant's assignments of error are overruled. The trial court properly granted appellee's motion for summary judgment.

*Judgment affirmed.*

SPELLACY, C.J., and JAMES D. SWEENEY, J., concur.