**James E. MIDDLEBROOK,
Plaintiff–Appellant,**

**Mae Middlebrook, Plaintiff,**

**v.**

**CITY OF BARTLETT, TN; W.R. McClanahan, Individually and in his capacity as Director and City Engineer; Defendants–Appellees,**

**Ken Fulmar, Individually and in his capacity as Mayor; Jay Rainey, Individually and in his capacity as Chief Administrative Officer; Charles Goforth, Individually and in his capacity as Director of Planning and Economic Development. Defendants.**

No. 03–5570.

United States Court of Appeals, Sixth Circuit.

June 10, 2004.

Rehearing Denied Aug. 19, 2004.

James E. Middlebrook, Memphis, TN, pro se.

Edward J. McKenney, Jr., Hanover, Walsh, Jalenak & Blair, Memphis, TN, for Defendant–Appellee.

Before KENNEDY and GILMAN, Circuit Judges; and SHADUR, District Judge.*

### ORDER

James E. Middlebrook, proceeding pro se, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. §§ 1982 and 1983; the Fair Housing Act (FHA), 42 U.S.C. §§ 3601–3631; and the Tennessee Human Rights Act (THRA), Tenn.Code Ann. § 4–21–101. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).

On September 6, 2001, Middlebrook and his wife, Mae (the plaintiffs), filed a complaint, through counsel, against the City of Bartlett, Tennessee (City), and the following City officials: Mayor Ken Fulmar, Director and Engineer W.R. McClanahan, and Chief Administrative Officer Jay Rainey. The plaintiffs subsequently amended their complaint to add Charles Goforth, the City's Director of Planning and Economic Development, as a defendant. The plaintiffs, who are African–American, alleged that the defendants refused to provide water and sewer service to their prop-

---

* The Honorable Milton I. Shadur, United States District Judge for the Northern District of Illinois, sitting by designation.

erty because of their race. They sought injunctive and monetary relief.

The defendants filed a motion for summary judgment, to which the plaintiffs responded. The district court granted the defendants' motion in part and denied the motion in part. Specifically, the district court dismissed the plaintiffs' civil rights claims filed pursuant to § 1982, § 1983, and the THRA because they were time-barred. The district court dismissed the plaintiffs' claims against all of the individual defendants, except McClanahan, because the complaint contained no allegations against Fulmar and Rainey in their individual capacities and the claims against Goforth were time-barred. The plaintiffs' remaining FHA claims against the City and McClanahan were subsequently tried to a jury. The jury returned verdicts in favor of the City and McClanahan and the district court entered an order and judgment in accordance with the jury verdicts on Mary 24, 2003. James Middlebrook has filed a timely appeal. He is now proceeding pro se.

 While Middlebrook has listed five issues which he desires to raise on appeal, he has not offered any argument or citations in support of those issues. The failure to present an argument in an appellate brief waives appellate review. *Buziashvili v. Inman*, 106 F.3d 709, 719 (6th Cir.1997); *Kocsis v. Multi–Care Mgmt., Inc.*, 97 F.3d 876, 881, (6th Cir.1996).

 Nevertheless, even if this court were to decide to review the unsupported issues raised by Middlebrook, he is not entitled to any relief. To the extend that Middlebrook's appellate brief may be construed as a challenge to the district court's partial grant of summary judgment, his challenge fails. *See Lanier v. Bryant*, 332 F.3d 999, 1003 (6th Cir.2003). Middlebrook's claims against the defendants based upon the City's failure to provide sewer and water service were time-barred

by the applicable one-year statute of limitation. *See* Tenn.Code Ann. §§ 4–21–311(d), 28–3–104(a)(3); *Merriweather v. City of Memphis,* 107 F.3d 396, 398 (6th Cir.1997).

 To the extent that Middlebrook's appellate brief may be construed as a challenge to the jury verdicts in favor of the City and McClanahan, his challenge fails as well. First, there is no evidence in the record that Middlebrook properly preserved a sufficiency of the evidence issue for appeal by moving for either a new trial or a judgment notwithstanding the verdict. *See United States v. L.E. Cooke Co.,* 991 F.2d 336, 343 (6th Cir.1993); *Dixon v. Montgomery Ward,* 783 F.2d 55, 55 (6th Cir.1986). Second, Middlebrook failed to file a transcript of the proceedings held in the district court. Without a transcript, it is impossible for this court to meaningfully review the sufficiency of the evidence relied upon by the jury to support its verdicts. *See Hawley v. City of Cleveland,* 24 F.3d 814, 821 (6th Cir.1994); *King v. Carmichael,* 268 F.2d 305, 306 (6th Cir.1959).

 Finally, to the extent that Middlebrook requests this court to add additional defendants and an "additional specific issue of discrimination on appeal," his request is inappropriate. Unless exceptional circumstances are present, issues which were neither raised nor ruled upon by the district court are not properly before this court. *See United States v. $100,375.00 in U.S. Currency,* 70 F.3d 438, 441 (6th Cir. 1995); *Noble v. Chrysler Motors Corp., Jeep Div.,* 32 F.3d 997, 1002 (6th Cir.1994). No exceptional circumstances exist in this case.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.