**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 14a0906n.06

No. 13-4397

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| PATRICIA BOLDEN, et al., | ) | **FILED** |
| | ) | Dec 08, 2014 |
| Plaintiffs-Appellants, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE NORTHERN |
| CITY OF EUCLID, et al., | ) | DISTRICT OF OHIO |
| | ) | |
| Defendants-Appellees. | ) | |
| | ) | |
| | ) | |
| | ) | |

**BEFORE: MOORE and COOK, Circuit Judges; and STEEH, District Judge.**[*]

**STEEH, District Judge.** Defendant-Appellee Police Officer Paul Doyle (Officer Doyle) arrested Plaintiffs-Appellants Samir Bolden (Bolden) and Brandon Martin (Martin) for trespassing on his property and looking into his security cameras. For their side, Bolden and Martin say they were walking on the sidewalk in their neighborhood and never trespassed on Officer Doyle's property. Normally, such a conflict in the evidence would preclude a finding of qualified immunity and the differences would be left to the factfinder to assess whether or not probable cause existed to search and seize Plaintiffs and arrest them. However, in this case, the criminal trespassing charge was admitted by Martin when he entered into a diversion program, and proved against Bolden at

---

[*] The Honorable George Caram Steeh, United States District Judge for the Eastern District of Michigan, sitting by designation.

trial in juvenile court. For these reasons, as explained below, we **AFFIRM** the district court's opinion and order granting summary judgment in favor of Defendants.

## I. BACKGROUND

The factual scenario that follows is viewed in a light most favorable to Plaintiffs. *Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014). Plaintiffs were walking in their neighborhood in the City of Euclid. Officer Doyle lives in the same neighborhood. While Plaintiffs were walking past Officer Doyle's house, Officer Doyle drove up to them, exited his vehicle, and accused them of trespassing on his property and looking into his security cameras. Plaintiffs maintained that they were walking on the sidewalk.

While questioning Plaintiffs, Officer Doyle pushed Martin into Bolden. Officer Doyle ordered Plaintiffs to "stop" and to "get on the ground." Bolden complied. But Martin started to walk away, pulling out his cell phone so that he could apprise his mother of the situation. This led Officer Doyle to "smack" Martin's phone out of his hand and throw the headphones Martin was wearing around his neck to the ground, breaking them. Officer Doyle then threw Martin to the ground and forcibly held him down, one hand securing Martin's arms behind his back, the other on Martin's neck holding his face down, and Officer Doyle's knee on Martin's face. While Martin was being held to the ground, Officer Doyle placed him in handcuffs. Officer Doyle then told Bolden to stand up and placed Bolden in handcuffs as well.

Backup was called and arrived to transport Plaintiffs to the police station. After being transported to the police station without incident, Plaintiffs were placed in the "roll call" room and further questioned by Officer Doyle and two other police officers. Bolden filled out a police report

at Officer Doyle's request, but Martin refused. Although Bolden originally wrote that he and Martin were walking *past* Officer Doyle's house, and *past* the driveway, Officer Doyle made him scribble it out and write that they were walking *by* Officer Doyle's house and *on* or *in* the driveway.

Plaintiffs were both charged in one-count with a misdemeanor Criminal Trespass, Ohio Rev. Code § 2911.21(A)(1), in the Cuyahoga County Court of Common Pleas, Juvenile Division.

Bolden elected to proceed to a bench trial before a magistrate judge. After trial, where Bolden was represented by counsel, the juvenile court entered an order finding that probable cause existed for filing the complaint. However, the court dismissed the charges under Ohio Juvenile Rule 29(F)(2)(d). Ohio Juvenile Rule 29(F)(2)(d) allows a court to "[d]ismiss the complaint if dismissal is in the best interest of the child and the community," even though "the allegations of the complaint, indictment, or information are admitted or proven."

Martin did not go to trial. He entered into Euclid's Juvenile Diversion Program, a program "comprised of an alliance between the City of Euclid, Euclid Police Department, Euclid Schools, Cuyahoga County Juvenile Court, and various organizations/businesses to offer families a positive alternative to traditional Juvenile Court involvement." Both Martin and his mother confirmed at their depositions that they understood diversion to be an admission of the charges against Martin. They also testified that the magistrate judge who allowed Martin to participate in the diversion program did so only after Martin admitted, on the record, to trespassing.

Subsequently, Plaintiffs filed the instant twelve-count complaint in federal court alleging multiple claims against Officer Doyle under 42 U.S.C. § 1983 and state law. Plaintiffs also alleged constitutional violations against Officer Trevor Studley (Officer Studley), who was one of the

3

officers called to the scene to assist Officer Doyle, and Euclid Police Chief Thomas Brickman (Chief Brickman), as well as a municipality claim against the City of Euclid. Through discovery, Plaintiffs learned of multiple complaints lodged against Officer Doyle since he first became a police officer in the City of Euclid, including complaints that Officer Doyle used excessive force against juveniles.

In a written opinion and order, the district court granted summary judgment in favor of Defendants and dismissed the case. *Bolden v. City of Euclid*, No. 1:12 CV 1666, 2013 WL 5935614 (N.D. Ohio Nov. 1, 2013). Plaintiffs appeal.

## II. STANDARD OF REVIEW

A district court's grant of summary judgment is reviewed de novo. *Eastham v. Chesapeake Appalachia, L.L.C.*, 754 F.3d 356, 360 (6th Cir. 2014). Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "In considering a motion for summary judgment, this court construes all reasonable inferences in favor of the nonmoving party." *Lucas*, 753 F.3d at 614.

## III. DISCUSSION

Although Plaintiffs appeal from the entirety of the district court's opinion and order, they waived multiple issues by failing to address them in their appellate briefs. We begin by addressing these waived claims. Next, we address the claims against the individual police officers, followed by a discussion of the municipal liability claim against the City of Euclid.

## A. Plaintiffs' Waived Claims

In order to preserve appellate review of an issue, a party is required to address the issue in the appellate briefing. *Dye v. Office of the Racing Comm'n*, 702 F.3d 286, 304 (6th Cir. 2012) (citation omitted); *see also Middlebrook v. City of Bartlett*, 103 F. App'x 560, 562 (6th Cir. 2004) ("The failure to present an argument in an appellate brief waives appellate review." (citation omitted)). This requires developed argument; a party is required to do more than advert to an issue in a perfunctory manner. *United States v. Layne*, 192 F.3d 556, 566 (6th Cir. 1999).

By failing to make any developed argument in their briefing, Plaintiffs waived appellate review of the district court's grant of summary judgment against them as it relates to:

1) All claims against Officer Studley;
2) All claims against Chief Brickman and Officer Doyle in their official capacities;
3) Count one (Equal Protection);
4) Count three (Substantive Due Process);
5) Count four (Liberty, Safety and Privacy);
6) Count seven (False Imprisonment);
7) Count eight (Intentional Infliction of Emotional Distress);
8) Count nine (Malicious Criminal Prosecution);
9) Count ten (Assault); and
10) Count twelve (Ohio Public Records Act).

## B. Claims Against Chief Brickman and Officer Doyle

### 1. Chief Brickman

Plaintiffs argue that Chief Brickman should be held liable because he allowed Officer Doyle to continue to interact with juveniles despite multiple past complaints accusing Officer Doyle of using excessive force. The district court correctly recognized that the record is devoid of any direct involvement by Chief Brickman in the alleged constitutional violations asserted by Plaintiffs. Therefore, Chief Brickman is not liable in his individual capacity. *See Harvey v. Campbell Cnty.*,

453 F. App'x 557, 564 (6th Cir. 2011); *Shehee v. Lutrell*, 199 F.3d 295, 300 (6th Cir. 1999). The claim against Chief Brickman is properly addressed as a deliberate indifference claim against the City of Euclid, not against Chief Brickman personally. *See Harvey*, 453 F. App'x at 564.

### 2. Officer Doyle

The unwaived claims against Officer Doyle are: (1) Count Two (Unlawful and Unreasonable Searches and Seizures); Count Five (Excessive Force); and Count Six (False Arrest). We address each in turn.

### a. Count Two – Unlawful and Unreasonable Searches and Seizures

In count two, Plaintiffs claim that Officer Doyle violated their rights to be free from unreasonable searches and seizures when he stopped and detained them for trespassing. In order to prevail on this claim, Plaintiffs must show that Officer Doyle lacked probable cause to search and detain them. *See United States v. Mendenhall*, 446 U.S. 544, 550–51 (1980). The district court correctly concluded that Plaintiffs are collaterally estopped from challenging the existence of probable cause.

Plaintiffs are estopped from challenging probable cause because Martin admitted to criminal trespass, and because the state juvenile court found that Bolden committed a criminal trespass. Federal courts apply state law to determine whether collateral estoppel applies. *Daubenmire v. City of Columbus*, 507 F.3d 383, 389 (6th Cir. 2007). Under Ohio law, collateral estoppel applies "'when the fact or issue (1) was actually and directly litigated in the prior action, (2) was passed upon and determined by a court of competent jurisdiction, and (3) when the party against whom collateral estoppel is asserted was a party in privity with a party to the prior action.' " *Id.* (quoting

6

*Thompson v. Wing*, 70 Ohio St. 3d 176, 637 N.E.2d 917, 923 (1994)). Where a plaintiff has been convicted criminally, collateral estoppel bars a subsequent challenge to probable cause related to his arrest in a civil case, *Contreras v. Simone*, 112 Ohio App. 3d 246, 678 N.E.2d 593, 595 (1996), and the same bar applies if the plaintiff pleaded guilty or no-contest to a criminal charge in state court, *Daubenmire*, 507 F.3d at 390.

As to Bolden, the judgment entered by the Cuyahoga County Court of Common Pleas, Juvenile Division, precludes him from challenging the existence of probable cause in this case. After Bolden elected to proceed to a bench trial on the charge of misdemeanor Criminal Trespass, Ohio Rev. Code § 2911.21(A)(1), he was found by the magistrate judge to have committed the trespass. The magistrate judge's order was adopted by the court, and the court in its judgment explicitly stated that there was probable cause for filing the complaint against Bolden. While the complaint was ultimately dismissed, it was dismissed under Ohio Juvenile Rule 29(F)(2)(d) which requires "the allegations of the complaint, indictment, or information" to be "admitted or proven." Bolden's argument that he was not "convicted," therefore, is without merit.

Bolden argues that collateral estoppel should not apply because his case was ultimately dismissed, and he cannot be required to appeal a favorable decision. At oral argument, Bolden's counsel argued that an appeal would have required paying more for an attorney, transcript fees, etc., when the outcome was ultimately positive for Bolden. Although it may not have been wise for Bolden to appeal a judgment when the ultimate disposition was dismissal and a finding that he was not delinquent, Bolden was represented by counsel who should have known and advised Bolden that an appeal would preserve a future federal civil rights lawsuit. Bolden had the opportunity to appeal

the unfavorable finding of criminal trespass. The final judgment informed Bolden of this right: "[p]ursuant to Rule 34(J) of the Rules of Juvenile Procedure and Rules 3 and 4 of the Ohio Rules of Appellate Procedure, an appeal of the order herein may be taken in the Eighth District Court of Appeals . . . ." We reject Bolden's contrary arguments.

As to Martin, his admission in juvenile court that he trespassed on Officer Doyle's property establishes probable cause. As explained, both Martin and his mother testified that they understood the diversion program to be an admission of guilt. In addition, they both testified that Martin was required to admit to trespassing before the juvenile court judge allowed him to participate in the diversion program. Martin's admission to trespassing is dispositive of his claim.

Even if collateral estoppel does not bar Martin's claim, judicial estoppel does. *Teledyne Indus., Inc. v. N.L.R.B.*, 911 F.2d 1214, 1217–18 (6th Cir. 1990) (explaining that judicial estoppel bars a party from taking a contradictory position accepted by a prior court). The juvenile court accepted Martin's position that he was trespassing on Officer Doyle's property in order to allow him to participate in the diversion program. He cannot now take a contradictory position to benefit in a civil case. Ultimately, there is no dispute that Martin admitted to the charge in a prior legal proceeding, thereby precluding him from challenging probable cause in this case.

### b. Count Five – Excessive Force

Count five alleges excessive force under federal law.[1] Plaintiffs argue that Officer Doyle's use of force in arresting them was unreasonable and excessive. We have explained that "[a]n officer making an investigative stop or arrest has 'the right to use some degree of physical coercion or threat thereof to effect it.' " *Miller v. Sanilac Cnty.*, 606 F.3d 240, 251 (6th Cir. 2010) (citation omitted). "Courts must determine whether a particular use of force is reasonable based on 'the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.' " *Smoak v. Hall*, 460 F.3d 768, 783 (6th Cir. 2006) (citation omitted). The central inquiry is whether, "under the totality of the circumstances, the officer's actions were objectively reasonable." *Fox v DeSoto*, 489 F.3d 227, 236–37 (6th Cir. 2007). "Among the most important factors to consider in determining the objective reasonableness of the force used are: 1) the severity of the crime at issue; 2) whether the suspect posed an immediate threat to the safety of the police officer or others; and 3) whether the suspect actively resisted arrest or attempted to evade arrest by flight." *Grawey v. Drury*, 567 F.3d 302, 310 (6th Cir. 2009) (citations omitted).

Applying the above standards to Bolden's claim, he fails to establish a genuine issue of material fact that Officer Doyle used excessive force against him. Bolden testified at his deposition that he complied with all of Officer Doyle's commands. The only use of force Bolden claims is that

---

[1] The judgment in juvenile court establishing criminal trespass against Bolden does not bar his excessive force claim because the excessive force claim does not challenge any of the elements in a criminal trespass charge under Ohio law. *Daubenmire*, 507 F.3d at 389; *but see Cummings v. City of Akron*, 418 F.3d 676, 683 (6th Cir. 2005) (reasoning that *Heck v. Humphrey*, 512 U.S. 477 (1994), barred excessive force claim where plaintiff was convicted of assault arising out of same altercation).

Officer Doyle pushed Martin into him causing him to stumble onto the fence. If true, this establishes that Officer Doyle used force against Martin, not Bolden. The evidence does not support Bolden's excessive force claim.

To the extent that Bolden's excessive force claim is premised on a theory that his handcuffs were on too tight, his claim likewise has no merit because Bolden conceded that the handcuffs were loosened after he complained. *Morrison v. Bd. of Trs. of Green Twp.*, 583 F.3d 394, 401 (6th Cir. 2009) (requiring evidence that officer ignored complaints to loosen handcuffs) (citation omitted).

Applying the *Grawey* factors to Martin, we reach the same conclusion. First, as to the severity of the crime Officer Doyle believed Martin to be committing, it cannot be disputed that criminal trespassing is a relatively minor offense. Second, we must consider whether Martin posed an immediate threat to Officer Doyle or others. *Grawey*, 567 F.3d at 310. Although under Plaintiffs' version of events, Martin did not pose an obvious threat of danger, Martin admitted that he disregarded Officer Doyle's commands, reached into his pocket and pulled out his phone to call his mother. Officer Doyle was justified in using some force (slapping Martin's phone out of his hand and taking him to the ground) to secure a non-compliant Martin. At this point, Officer Doyle did not know if Martin had anything in his pockets. The final *Grawey* factor requires consideration of whether Martin actively resisted arrest or attempted to flee. *Id.* Martin admitted that he refused to sit down when he was told to do so by Officer Doyle, and that he disregarded Officer Doyle's commands because he wanted to call his mother. Martin's refusal to comply with Officer Doyle's lawful commands justified the use of some force to control the situation. In sum, weighing the *Grawey* factors, the force used by Officer Doyle to control the situation was objectively reasonable.

10

The district court also concluded that Martin's alleged injuries were de minimus. We have explained that the " 'extent of the injury inflicted' is not 'crucial to an analysis of a claim for excessive force in violation of the Fourth Amendment.' " *Morrison*, 583 F.3d at 407 (citation omitted). But, the absence of injury to Martin supports the conclusion that the force used against him was reasonable. The district court appropriately granted summary judgment to Officer Doyle on Martin's excessive force claim.

### c. Count Six – False Arrest

Plaintiffs allege false arrest under Ohio law in Count Six. The district court determined that Plaintiffs are precluded from challenging the existence of probable cause to arrest them, and, therefore, could not maintain a false arrest claim. Alternatively, the district court held that Officer Doyle is entitled to immunity under state law. Plaintiffs only challenge Officer Doyle's entitlement to immunity. However, we do not reach the immunity question because the false arrest claim fails on the merits. *See Jordan v. City of Detroit*, 557 F. App'x 450, 454 n.3 (6th Cir. 2014) (explaining that the "merits first" approach is preferred where a determination on the merits is straightforward).

Under Ohio law, a false arrest claim requires proof of " '(1) a detention of the person, and (2) an unlawful detention.' " *Thacker v. City of Columbus*, 328 F.3d 244, 261 (6th Cir. 2003) (citation omitted). Although the district court incorrectly stated that Plaintiffs' false arrest claim required proof of the lack of probable cause to arrest them, reversal is not warranted because the district court reached the correct result in dismissing the claim. *Id.*

The essence of a false arrest claim is that the arrest was without lawful justification. *Id.* Plaintiffs' false arrest claim fails because Martin admitted on the record in juvenile court to

trespassing, and Bolden was found to have trespassed after a bench trial. Viewing the evidence in a light most favorable to Plaintiffs, the arrest was justified. *Id.*; *Walker v. Schaeffer*, 854 F.2d 138, 142 (6th Cir. 1988).

## B. Claim Against City Of Euclid — Count Eleven

The final issue we address is the City of Euclid's liability under a failure to train/discipline/supervise theory. Plaintiffs argue that the City of Euclid has known that Officer Doyle has been "harassing, abusing and assaulting minors" in the City of Euclid for over a decade, but has not done anything to prevent him from harming juveniles. According to Plaintiffs, the City of Euclid therefore caused their constitutional injuries.

Plaintiffs' claim against the City of Euclid is untenable because, as explained above, they have not shown that a constitutional violation occurred. *Thurmond v. Cnty. of Wayne*, 447 F. App'x 643, 651 (6th Cir. 2011) ("[I]t is well settled that '[t]here can be no *Monell* liability under § 1983 unless there is an underlying unconstitutional act.' " (quoting *Wilson v. Morgan*, 477 F.3d 326, 340 (6th Cir. 2007))).

## IV. CONCLUSION

For the reasons explained above, we **AFFIRM** the district court's judgment granting summary judgment to Defendants.

**KAREN NELSON MOORE, Circuit Judge, concurring in part and dissenting in part.**

I dissent with respect to the majority's holding affirming summary judgment on Plaintiff Brandon Martin's excessive force claim.

A reasonable jury could find that the force used by Officer Doyle against Martin was objectively unreasonable pursuant to the three factors we assess in determining whether force is excessive. *See Grawey v. Drury*, 567 F.3d 302, 310 (6th Cir. 2009) (excessive force turns on "1) the severity of the crime at issue; 2) whether the suspect posed an immediate threat to the safety of the police officer or others; and 3) whether the suspect actively resisted arrest or attempted to evade arrest by flight."). As the majority concedes, Martin was stopped for a minor offense—he simply placed one foot on Doyle's property. No evidence suggests that Martin posed an immediate threat to Doyle or others, physically resisted arrest, or was a flight risk. While Martin did not immediately sit down on the ground per Doyle's commands and tried to call his mother immediately after he was stopped, Martin was a *juvenile*, did nothing more than place a single foot on Doyle's property, and was not under arrest at the time he tried to call his mother. And even if some force was necessary to control the situation as the majority notes, the whole point of the above factors is to determine whether the *amount of force* used was reasonable under the circumstances. Here, Doyle pushed Martin into Bolden. When Martin tried to call his mother, Doyle smacked the phone out of his hand. Then, without another word, Doyle slammed Martin to the ground and put his knee on Martin's face and head. R. 43 (Martin Dep. at 29–31) (Page ID #487–89).[1] In the car ride to the police station, Doyle told Martin that he would "take me down, beat my ass"; Martin testified that Doyle was "saying all

---

[1] The majority justifies this force by simply stating that "Officer Doyle did not know if Martin had anything in his pockets"—but that's true for virtually *every arrestee*.

types of stuff. I was crying because I was scared." R. 43 (Martin Dep. at 39) (Page ID #497); *see Leary v. Livingston Cnty.*, 528 F.3d 438, 444–45 (6th Cir. 2008) (citing cases where "scar[ing], intimidat[ing], and threaten[ing]" arrestee supported excessive force finding). Then, upon arriving at the station, Doyle grabbed Martin, who was handcuffed at the time, and roughly pulled Martin out of the car by his shirt causing him to hit the ground. R. 43 (Martin Dep. at 40) (Page ID #498); *see Burgess v. Fischer*, 735 F.3d 462, 474 (6th Cir. 2013) ("[T]he Fourth Amendment's reasonableness standard applied at least through the booking process").

Based on these facts, a reasonable jury could find that the force used by Doyle—against a non-threatening, not-fleeing juvenile—was objectively unreasonable. *See Miller v. Sanilac Cnty.*, 606 F.3d 240, 253–54 (6th Cir. 2010) (denying qualified immunity because "a jury could reasonably find that slamming an arrestee into a vehicle constitutes excessive force when the offense is non-violent, the arrestee posed no immediate safety threat, and the arrestee had not attempted to escape and was not actively resisting."). Consequently, I respectfully dissent from the majority opinion, and would **REVERSE** the judgment of the district court with respect to Plaintiff Martin's excessive force claim and **REMAND** for further proceedings.