NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0225n.06

No. 21-3848

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
May 12, 2023
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| JEFF FRANKE, *et al.,* | ) | |
| Plaintiffs-Appellants, | ) ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE NORTHERN |
| | ) | DISTRICT OF OHIO |
| NORFOLK SOUTHERN RAILWAY CO., *et al.*, | ) ) | |
| | ) | OPINION |
| Defendants-Appellees. | ) | |
| | ) | |

Before: MOORE, CLAY, and NALBANDIAN, Circuit Judges.

**CLAY, Circuit Judge**. Plaintiffs Jeff Franke, Steven Frye, and Greg Fish appeal the district court's order granting Defendants' motion to dismiss, which addressed whether removal to federal court was proper, whether Plaintiffs' fraud claims were preempted by the Railway Labor Act ("RLA"), 45 U.S.C. §§ 151 *et seq.*, and whether Plaintiffs properly pleaded fraud. For the reasons set forth below, we **AFFIRM** the district court's judgment.

## I. BACKGROUND

### A. Factual Background

Franke, Frye, and Fish worked as locomotive engineers for Norfolk Southern Railway Company ("Norfolk Southern"). (Compl., R. 1-1, Page ID #14, 20, 26). Plaintiffs were each disciplined and discharged by Norfolk Southern. (*Id.* at Page ID #14, 20, 27). Each Plaintiff was represented by the International Brotherhood of Teamsters ("IBT"), IBT's subdivision the Brotherhood of Locomotive Engineers and Trainmen ("BLET"), and BLET's subdivision, the Norfolk and Southern Northern Lines Wheeling and Lake Erie General Committee of Adjustment

("GCA") (collectively, "Union Defendants" or "Union") under 45 U.S.C. §§ 151 *et seq.*, the RLA, and a Collective Bargaining Agreement ("CBA"). (*Id.*, Page ID #12–14, 20–21, 26–27).

Following the internal company hearing that resulted in Plaintiffs' termination, the Union appealed Norfolk Southern's determination to a Public Law Board (the "Board") for arbitration pursuant to the RLA and in accordance with the CBA. (*Id.* at Page ID #14, 20–21, 27). As agreed upon by Norfolk Southern and the Union, Defendant David Ray served as the sole neutral arbitrator in each Board arbitration. (*Id.* at Page ID #15, 21, 27). The Board upheld Plaintiffs' terminations. (Board Arbitration Awards; R. 28-3, R. 28-4, R. 28-5; Page ID #440–42).

## B. Procedural History

Plaintiffs sued Norfolk Southern, the Union, and Ray in the Court of Common Pleas for Lucas County, Ohio on August 20, 2020. (Compl., R. 1-1, Page ID # 9–10). In their complaint, Plaintiffs allege that they were deprived of a fair and neutral arbitration process, because Ray, who presided over each matter, was a former employee of Norfolk Southern, and thus, had a bias toward Defendant Norfolk Southern, as well as a conflict-of-interest. (*Id*. at Page ID ## 15–16, 21–22, 28). Plaintiffs further allege that Defendants colluded in a scheme where Board arbitrations conducted before Ray would not be decided on their merits, but rather based on the Union's political preferences. (*Id*. at Page ID # 17, 23, 29–30).

Under the terms of the RLA and CBA, either Norfolk Southern or the Union could reject any arbitrator. (*Id.* at Page ID #15, 21, 28). Plaintiffs assert that Norfolk Southern and the Union knew of Ray's alleged bias and conflict-of-interest and "acted in bad faith, collusively, with corrupt and fraudulent intent" when selecting him to arbitrate the grievances. (*Id.* at Page ID #16, 22, 28–29). According to Plaintiffs, this is evidenced by Defendants' knowledge of: (1) Ray's prior employment at Norfolk Southern; and (2) Ray's potentially "undisclosed conflict-of-interest

with the existence of pension and retirement benefits and stock holdings with [] Norfolk Southern." (*Id.*). As noted above, Plaintiffs contend Defendants "concocted a scheme" where Ray would give favorable appeals for grievances that came from local divisions whose local chairman would vote for Dewayne Dehart to be General Chairman of Adjustment for the Union, and would deny appeals from divisions whose local chairmen would not. (*Id.* at Page ID # 17, 23, 29–30). Plaintiffs assert that the Union benefited by gaining political favor through the favorable resolution of certain arbitrations, Ray benefited because he would be hired more frequently, and thus have a more lucrative arbitration practice, and Norfolk Southern benefited because it would win a disproportionate number of arbitrations conducted in front of Ray. (*Id.*).

Plaintiffs assert that Union Defendants owed them a duty of fair representation, which they failed to fulfill when they did not represent Plaintiffs fairly, impartially, and in good faith. (*Id.* at Page ID #15, 21, 27–28). Plaintiffs further allege that Ray owed Plaintiffs "a duty to comply with the federal statutes[,] regulations, [and] the National Mediation Board policy requiring him to have no bias between the parties and to have no financial interest in any party while acting as a neutral arbitrator." (*Id.*). Plaintiffs contend that all Defendants had a duty to "allow [Plaintiffs'] appeals to be decided on the merits with an unbiased neutral arbitrator that had no conflicts-of-interest and without engaging in an appeal fixing scheme." (*Id.* at Page ID #18, 24, 30–31). They also aver that "Defendants had a duty to inform [Plaintiffs] that [the] arbitration[s] had been compromised because of David Ray's bias and conflict-of-interest, and the appearance of an appeals fixing scheme Defendants were engaged in." (*Id.* at Page ID #18, 24, 30–31). Based on this purported conduct, each Plaintiff alleged fraud claims against Defendants. (*See generally id.*).

We pause here to note the unique nature of the claims before us. On the one hand, Plaintiffs argue that their complaint alleges only state fraud claims under Ohio law. (*Id.* at Page ID #13, 20,

26).  On the other hand, their complaint is riddled with references to federal-statutory frameworks and federal obligations, and they seek federal relief by stating Plaintiffs' "entitle[ment] to judicial review of the Public Law Board decisions upholding [their] termination[s]," by asking that a court award "damages for fraud under state and federal statutes and common law," and by seeking "reinstatement to [their] prior employment position[s] with all rights, benefits and status as [they] maintained" previously "as well as past wage loss," and "expungement and removal of any and all references to the adverse actions, charges and discipline which formed the basis of the arbitration related to" Plaintiffs.  (*Id*. at Page ID #18–19, 24–25, 31; *see also* Page ID #12, 15–18, 21–24, 27–31).  Defendants removed the case on the basis that Plaintiffs' action "arises under the laws of the United States and invokes the federal question jurisdiction."  (Notice of Removal, R. 1, Page ID #2).  The removal notice asserted that Plaintiffs' allegations of common law fraud in connection with the RLA arbitral decisions arise under federal law.  (*Id*., Page ID #2–5).  Defendants also asserted that Plaintiffs' claims are preempted by the RLA.  (*Id*., Page ID #4).

On October 16, 2020, the Parties submitted a joint proposed preliminary case schedule, which included a proposed briefing schedule for a motion to remand.  (Joint Proposed Case Schedule, R. 16, Page ID #134).  Three days later, having reviewed the preliminary case schedule, the district court ordered the parties to "exchange letters (two-page limit) with each other and confer regarding the merits of such a motion."  (Case Schedule Order, R. 17, Page ID #137).  The district court instructed counsel to forward the letters to the district court, and then convened a phone conference with counsel to discuss potential briefing of the motion.  (*Id*.).

The district court, following the telephone conference and review of the letters, denied Plaintiffs' proposed motion to remand, holding that although Plaintiffs assert state law fraud

claims, "Defendants correctly note that the Railway Labor Act ("RLA") preempts[1] Plaintiffs' attempts to limit the scope of their claims and those claims must necessarily arise under federal law." (Remand Order, R. 19, Page ID #159).

On December 2, 2020, the case was transferred to Judge James R. Knepp. After the transfer, Judge Knepp approved the new joint proposed scheduling order. Defendants filed their motions to dismiss the original complaint based on Federal Rule of Civil Procedure 12(b)(6) on January 21, 2021, in accordance with that schedule. (Mots. to Dismiss, R. 22, 23). On February 11, 2021, Plaintiffs attempted to file an amended complaint. (Am. Compl., R. 24). Defendants moved to strike the amended complaint as: (1) untimely and filed without leave or consent; (2) futile as to pending motions to dismiss, and (3) an ineffective attempt to divest the court of jurisdiction. (*See* Mots. to Strike, R. 25–27). On August 24, 2021, the district court granted Defendants' motions to dismiss and motions to strike. *See Franke v. Norfolk S. Ry. Co.*, No. 3:20 CV 2152, 2021 WL 3737913, at *1 (N.D. Ohio Aug. 24, 2021). Because the district court correctly struck Plaintiffs' amended complaint, the facts summarized in this section derive from the original complaint. The two complaints differ only slightly in ways that are not material to this Court's decision. (*Compare* Compl., R. 1-1, *with* Am. Compl., R. 24).

Plaintiffs appeal the district court's order: (1) denying Plaintiffs' request to file a formal motion to remand; (2) granting Defendants' motion to strike; (3) denying Plaintiffs' request to remand; and (4) granting Defendants' motion to dismiss. (Pls.' Br., ECF No. 41, 30.) This Court affirms the district court's judgment and addresses each argument in turn.

---

[1]The district court considered Defendants' argument that federal jurisdiction existed because complete preemption applied, which Defendants supported with citation to cases applying ordinary preemption. (Defs.' Letter, R. 19-2, Page ID #162–63 (citing *Wellons v. Nw. Airlines, Inc.*, 25 F. App'x 214, 218 (6th Cir. 2001))).

## II. DISCUSSION

### A. Motion to Remand

#### 1. Standard of Review

This Court has not addressed the standard of review for a denial of formal briefing on a motion to remand. But the Court has applied the abuse of discretion standard when evaluating a district court's denial of a counsel's request for supplemental briefing. *See AES-Apex Emp. Servs., Inc. v. Rotondo*, 924 F.3d 857, 866–67 (6th Cir. 2019); *Jomaa v. United States*, 940 F.3d 291, 299 (6th Cir. 2019). Moreover, Plaintiffs and Defendants argued their positions using abuse of discretion standards in their briefs. (*See* Pls.' Br., ECF No. 41, 22; Defs.' Br., ECF No.49, 25–27.) Accordingly, the Court reviews the district court's denial of Plaintiffs' request to file a formal motion to remand for abuse of discretion. When this Court reviews for abuse of discretion, it will reverse only when it "is firmly convinced that a mistake has been made." *Bush v. Rauch*, 38 F.3d 842, 848 (6th Cir. 1994).

#### 2. Analysis

Plaintiffs argue that the district court abused its discretion by not allowing Plaintiffs to fully brief a motion to remand under 28 U.S.C. § 1447(c) after the parties submitted their two-page letters. (Pls.' Br., ECF No. 41, 22–24.) We disagree.

This Court follows the general principle that "a district court has broad discretion to manage its docket." *Am. C.L. Union of Ky. v. McCreary County*, 607 F.3d 439, 451 (6th Cir. 2010) (citation omitted) ("[T]he [district] court had ample discretion to strike Defendants' late renewed motion for summary judgment."); *see also AES-Apex Emp. Servs., Inc.*, 924 F.3d at 867 (finding no abuse of discretion in the district court's denial of defendant's motion for supplemental summary judgment briefing); *Jomaa*, 940 F.3d at 299 (finding no abuse of discretion in district

court's denial of a motion to file supplemental briefing, based on the district court's finding that additional briefing would be unnecessary to resolve the pertinent issue).

In this case, Plaintiffs were within their rights to challenge the district court's subject matter jurisdiction. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). The district court gave Plaintiffs the opportunity to be heard on the matter; and requested for counsel to confer, and exchange letters outlining their potential arguments regarding jurisdiction. (Case Schedule Order, ECF No. 17, Page ID # 137). Following a telephone conference and review of the letters, the district court denied Plaintiffs' proposed motion to remand, holding that Plaintiffs' state law claims arise under federal law and were preempted by the RLA. (Remand Order, R. 19, Page ID #159).

Plaintiffs argue that counsel had no "warning" that the letters would be used to decide the issue of remand, and the letters were mere outlines of the parties' positions, not a thorough briefing of Plaintiffs' arguments. (Pls.' Br., ECF No. 41, 22–23). However, Plaintiffs do not present an argument that counsel was deprived of *any* opportunity to be heard on the matter, or that the letter misrepresented their argument. Given the broad discretion district courts possess in managing their dockets and the Plaintiffs' opportunity to be heard on the matter, the district court did not abuse its discretion when it held that additional briefing was unnecessary, and that the letters and conference were sufficient to decide the matter. *See Am. C.L. Union of Ky.*, 607 F.3d at 451. Moreover, the district court extensively addressed Plaintiffs' remand arguments in its order granting Defendants' motion to dismiss, noting that "[i]n response to Defendants' Motions to Dismiss, Plaintiffs expend significant effort arguing for a remand to state court," and affirmed the court's previous decision to deny Plaintiffs' request to remand. *Franke*, 2021 WL 3737913, at *3.

In sum, Plaintiffs were twice given the opportunity to present their arguments regarding subject matter jurisdiction, and the court twice arrived at the same conclusion. (*See* Remand Order, ECF No. 19); *Franke*, 2021 WL 3737913, at *3. Accordingly, the district court's decision to deny additional formal briefing of the motion to remand, after parties had been heard, was not an abuse of discretion. The Court affirms the ruling of the district court.

### B. Defendants' Motions to Strike Plaintiffs' Amended Complaint

#### 1. Standard of Review

When a district court denies a motion to amend a complaint because the proposed amendment would be futile (*i.e.*, that it would not withstand a motion to dismiss), the Court applies a *de novo* standard of review. *United States ex rel. Sheldon v. Kettering Health Network*, 816 F.3d 399, 407 (6th Cir. 2016) (citing *Seaton v. TripAdvisor LLC,* 728 F.3d 592, 596 (6th Cir. 2013).

#### 2. Analysis

Plaintiffs, having focused their appellate argument almost exclusively on arguing the RLA does not apply, have not substantively addressed the district court's decision to strike their amended complaint. The entirety of Plaintiffs' argument in their opening brief as to the motion to strike the amended complaint reads:

> Plaintiffs believe that their case should be remanded to state court. Should the Court agree, then the motion to strike is moot, because the district court had no jurisdiction. If the Court disagrees, the district court is likely correct that attempts to amend the complaint would be futile.

(Pls.' Br., ECF No. 41, 28). Plaintiffs do not attempt to argue that the district court was wrong in finding that their amended complaint was futile, and instead, assert that if their state law claims are preempted, the district court was correct. To preserve an issue for appellate review, a party must develop its argument in its appellate briefing; Plaintiffs do not meet this requirement on this issue. *Puckett v. Lexington-Fayette Urb. Cnty. Gov't*, 833 F.3d 590, 610–11 (6th Cir. 2016); *see*

*also Bolden v. City of Euclid*, 595 F. App'x 464, 468 (6th Cir. 2014) (finding that in addressing an issue on appeal, "a party is required to do more than advert to an issue in a perfunctory manner"). Having failed to argue the merits of the district court's rulings on the motion to strike in their opening brief, Plaintiffs forfeited these issues on appeal.

Moreover, even if this Court found that the issue was not forfeited, the district court did not err in striking Plaintiffs' amended complaint. When Plaintiffs filed their amended complaint, they were already on notice that their complaint was subject to federal pleading standards. (*See* Remand Order, R. 19; Am. Compl., ECF No. 24). Additionally, Plaintiffs' amended complaint was offered for filing subsequent to Defendants' motions to dismiss. (*See* Mot. to Dismiss, R. 22, 23). Thus, Plaintiffs were in possession of Defendants' arguments relating to the deficiencies of the claims before filing their amended complaint. Even with pertinent information at hand, Plaintiffs' amended complaint did not address RLA preemption and did not address the fundamental deficiencies in their fraud claims identified in Defendants' Motions. (*See* Am. Compl., R. 24).

Federal Rule of Civil Procedure 15 "instructs courts to "'freely give leave' to amend." *Kuyat v. BioMimetic Therapeutics, Inc.*, 747 F.3d 435, 444 (6th Cir. 2014) (quoting Fed. R. Civ. P. 15). However, "Plaintiffs are not entitled to a directive from the district court informing them of the deficiencies of the complaint and then an opportunity to cure those deficiencies." *Graham v. Fearon*, 721 F. App'x 429, 439 (6th Cir. 2018) (citation and quotation marks omitted) (finding no abuse of discretion when the court denied the plaintiffs' motion to amend "because Plaintiffs' request was perfunctory and did not point to any additional factual allegations that would cure the complaint"). In this case, because Plaintiffs' amended complaint was nearly identical to their original complaint and did not point to any additional factual

allegations that would cure the original complaint's deficiencies, the district court did not abuse its discretion in granting Defendants' motions to strike. The Court affirms the district court's ruling striking Plaintiffs' amended complaint.

### C. Subject Matter Jurisdiction

#### 1. Standard of Review

The Court reviews a denial of a motion to remand *de novo*. *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996). To determine whether the action was properly removed, we examine the complaint as it existed at the time of removal. *Id*; *see also Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 210 (6th Cir. 2004).

#### 2. Analysis

Because Plaintiffs' complaint expressly pleads federal claims and thus federal question jurisdiction exists, this Court affirms the district court's ruling denying Plaintiffs' request to remand. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction[] may be removed by the defendant" to federal court. 28 U.S.C. § 1441(a). "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Importantly, a case "may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Id.* at 393.

Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Both to determine (1) whether a plaintiff's case arises under federal law and (2) whether removal is proper on that basis,

federal courts look at the face of the plaintiff's "well-pleaded complaint." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004) (quoting *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 9–10, 10 n.9 (1983)); *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757–58 (6th Cir. 2000) ("In determining removal jurisdiction under § 1441, as in determining original 'arising under' jurisdiction, federal courts apply the 'well-pleaded complaint' rule." (quoting *Caterpillar*, 482 U.S. at 392)). The well-pleaded complaint rule "directs us to look only to 'what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose.'" *Hogan v. Jacobson*, 823 F.3d 872, 878 (6th Cir. 2016) (quoting *Aetna*, 542 U.S. at 207).

Alongside their state fraud claims, two plaintiffs seek "judicial review of the Public Law Board[2] decisions upholding [their] termination[s]," and all plaintiffs seek "reinstatement" of their employment "as well as past wage loss," and "expungement and removal of any and all references to the adverse actions, charges and discipline which formed the basis of the arbitration related to" Plaintiffs. (*Id*. at Page ID #18–19, 24–25, 31). The express requests for judicial review alongside the demanded relief of reinstatement of their employment and record expungement (which appears to require the setting aside of their arbitration awards) fairly demonstrate an RLA fraud claim. The RLA permits a party to seek review of (i.e., essentially to appeal) an arbitration award from a division of the Adjustment Board by filing "a petition for review of the division's order" in the appropriate federal district court. 45 U.S.C. § 153 First (q). The federal district court's "[j]udicial review of the arbitral decision is limited." *Consol. Rail Corp. v. Ry. Lab. Execs.' Ass'n*, 491 U.S.

---

[2] A Public Law Board, which is a type of Special Adjustment Board, is an arbitration tribunal. *Bhd. of Locomotive Eng'rs & Trainmen v. United Transp. Union*, 700 F.3d 891, 899 (6th Cir. 2012).

299, 304 (1989); 45 U.S.C. § 153 First (q). "On such review, the findings and order of the division shall be conclusive on the parties, except that the order of the division may be set aside, in whole or in part, or remanded to the division," (1) "for failure of the division to comply with the requirements of this chapter," (2) "for failure of the order to conform, or confine itself, to matters within the scope of the division's jurisdiction," or (3) "for fraud or corruption by a member of the division making the order." 45 U.S.C. § 153 First (q). Thus, the request for judicial review and the setting aside of Plaintiffs' arbitration award established that the case properly belongs in federal court. Further, all three plaintiffs "seek[] damages for fraud under state and *federal* statutes and common law," (Compl., R. 1-1, Page ID # 18, 24, 31 (emphasis added)). Therefore federal question subject matter jurisdiction exists, and this Court affirms the district court's ruling denying Plaintiffs' request to remand.

### D. Preemption

Both before this court and the district court, the parties argued for and against removal by invoking (1) the merits-based defense of ordinary preemption and/or (2) the jurisdictional doctrine of complete preemption. "Ordinary preemption, [which] flows from the Supremacy Clause of the United States Constitution[,] . . . provides only a defense that can be invoked in state or federal court." *Hudak v. Elmcroft of Sagamore Hills*, 58 F.4th 845, 852 (6th Cir. 2023). Ordinary preemption is distinct from the "jurisdictional" and "'misleadingly named doctrine' of complete preemption." *Id.* (quoting *Hogan*, 823 F.3d at 879); *Trollinger v. Tyson Foods, Inc.*, 370 F.3d 602, 608 (6th Cir. 2004) ("[Ordinary] [p]reemption . . . does not . . . concern the subject-matter jurisdiction of a court to hear a claim."). Ordinary preemption "concerns the merits of the claim itself—namely, whether it is viable and which sovereign's law will govern its resolution. That is why litigants typically invoke preemption as a defense to state-law claims asserted in state or

federal court, not as a jurisdictional defect." *Trollinger*, 370 F.3d at 608. In this case, preemption is only posed as an argument to establish federal jurisdiction and not as a merits-based defense. Accordingly, we decline to decide whether the RLA completely preempts Plaintiffs' state law fraud claims because, as explained above, this action nonetheless arises under federal law.

### E. Motion to Dismiss

#### 1. Standard of Review

This Court reviews *de novo* a district court's grant of a motion to dismiss under Rule 12(b)(6). *Majestic Bldg. Maint., Inc. v. Huntington Bancshares Inc.*, 864 F.3d 455, 458 (6th Cir. 2017). A motion to dismiss is properly granted if the plaintiff "fail[ed] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

To survive a motion to dismiss, the plaintiff must allege facts that are sufficient "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

The reviewing court must accept the factual allegations in the complaint "as true and construe the complaint in the light most favorable to the [p]laintiff[]." *Hill v. Blue Cross & Blue Shield of Mich.*, 409 F.3d 710, 716 (6th Cir. 2005). This Court may affirm the district court's dismissal of the plaintiff's claims "on any ground supported by the record," including grounds not relied upon by the district court. *Insight Commc'ns*, 804 F.3d at 794; *In re Comshare Inc.*, 183 F.3d at 547–48.

## 2. Analysis

Plaintiffs focused their appellate argument on jurisdiction and preemption, and as a consequence, neglected to address the district court's holding on Defendants' motion to dismiss. *See supra* Part II(B)(2). The entirety of Plaintiffs' opening brief with respect to Defendants' motion to dismiss, reads:

> Plaintiffs believe that their suit should be remanded to state court, making the issue of the district court's dismissal moot. The motions to dismiss would be determined by the same analysis of whether Plaintiffs' claims require the interpretation of the CBA.

(Pls.' Br., ECF No. 41, 27–28). Plaintiffs have not preserved this issue for appeal. Having failed to argue the merits of the district court's rulings on the motion to dismiss regarding whether they have sufficiently pleaded fraud claims upon which relief can be granted, Plaintiffs have forfeited these issues on appeal. *See Glennborough Homeowners Ass'n v. U.S. Postal Serv.*, 21 F.4th 410, 414 (6th Cir. 2021) ("[T]ime, time, and time again, we have reminded litigants that we will treat an argument as forfeited when it was not raised in the opening brief." (quoting *Island Creek Coal Co. v. Wilkerson*, 910 F.3d 254, 256 (6th Cir. 2018))). Given the extent of this forfeiture, we need not address the merits of the district court's decision to grant Defendants' motion to dismiss under Rule 12(b)(6) and dismissal of Plaintiffs' claims and affirm.

Accordingly, this Court affirms the district court's dismissal.

### III. CONCLUSION

For the reasons set forth above, we **AFFIRM** the district court's judgment.